IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WILLIE BRUCE ALLEN, § | |
| TDCJ-CID NO. 523310, § | |
|     Petitioner, § | |
| v. § | CIVIL ACTION NO. H-10-0228 |
| § | |
| RICK THALER, § | |
|     Respondent. § | |

OPINION ON DISMISSAL

Petitioner Willie Bruce Allen, an inmate incarcerated in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the calculation of a twenty-five year sentence on each of four counts of aggravated robbery following a parole revocation. (Docket Entry No.1). He has also filed a memorandum of law in support of his petition. (Docket Entry No.3). Respondent has filed an answer in which he moves for summary judgment on the ground that petitioner's petition is time-barred or alternatively, his claim is without merit. (Docket Entry No.7). Petitioner has not filed a response to the motion. After considering the pleadings, the state court records, and the applicable law, the Court will grant respondent's motion for summary judgment and dismiss the petition for the reasons set forth below.

I. BACKGROUND

Petitioner was convicted on August 7, 1989, in the 338th State Criminal District Court of Harris County, Texas of four counts of aggravated robbery with a deadly weapon in cause numbers 508082, 508083, 511638, and 511639, for which he was sentenced to twenty-five years confinement for each conviction. (Docket Entry No.7-2, page 3). On December 6, 1994, petitioner was released to parole. (Docket Entry No.8-1, page 4). On March 9, 2006, TDCJ-CID issued a pre-vocation warrant directing petitioner's arrest pending a revocation hearing. (*Id.*, page

1

5).  On March 22, 2006, after petitioner waived a hearing, the Parole Board revoked his parole release.  (Docket Entries No.7-2, page 3; No.8-1, page 2).  On October 4, 2006, he was convicted in the 334th State District Court of Chambers County, Texas, of possession of a controlled substance in cause number 13523 and possession of marihuana in cause number 13522, for which he was sentenced to five years confinement.  (Docket Entry No.7-2, page 3).  At the point of readmission to TDCJ-CID, petitioner had been on parole for nine years, eight months, and ten days.  (Docket Entry No.6-2, page 3).

On November 1, 2007, petitioner filed a time dispute resolution form with TDCJ-CID.  (Docket Entry No.7-2, page 3).  On August 14, 2008, petitioner was informed that there was no error in the calculation of his sentence.  (*Id.*).  On October 1, 2009, petitioner filed four state habeas applications, in which he challenged the calculation of his sentence on each of the four counts of aggravated robbery.  (Docket Entries No.6, page 8; No.6-1, page 26, No.6-3, page 14; No.6-5, page 1).  On November 18, 2009, the Texas Court of Criminal Appeals denied each application without written order on the findings of the trial court without a hearing.  (Docket Entries No.6, page 3; No.6-1, page 21; No.6-3, page 9; No.6-4, page 26).

Petitioner executed the pending federal petition on January 28, 2010.  (Docket Entry No.1, page 9).  Therefore, the petition is subject to the provisions of Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).  *Lindh v. Murphy*, 521 U.S. 320 (1997).  Petitioner does not challenge any of his underlying criminal convictions.  Instead he challenges the calculation of his sentence following his parole revocation.  Petitioner claims that the State of Texas has illegally extended his sentence by applying a Texas statute *ex post facto*, and thereby, denying him credit on his sentences for the time he was released on parole.  (Docket Entries No.1, page 7; No.2).

Respondent contends that the present petition is time-barred, or alternatively, that the claim presented is without merit. (Docket Entry No.7).

## II. DISCUSSION

In deciding a motion for summary judgment, a court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The moving party bears the initial burden of informing the court of the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. *Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001). Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)).

Under the AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has

>> been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2). The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh*, 521 U.S. 320). Because petitioner's petition was filed well after that date, the one-year limitations period applies to his claims. *Id.* at 198.

Respondent contends, without opposition, the limitations period in this case began on the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D). Respondent notes that on December 6, 1994, petitioner signed a Certificate of Parole, which states in bold letters that if parole is revoked "all time served on parole shall be forfeited." (Docket Entry No.8-1, page 3). Petitioner also signed the conditions of his parole release on the same date and acknowledged his understanding and agreement that in the event of revocation, his time spent on parole would not be credited to his sentence. (*Id.*, page 4). Respondent maintains that given this awareness and understanding, the date that petitioner could have discovered the factual predicate of his claim is March 22, 2006, the date petitioner's parole was revoked; respondent reasons that on that date, petitioner knew he would forfeit any time accrued on parole as stated in the Certificate of Parole. (Docket Entry No.7, page 6-7). Accordingly, respondent contends that the one-year limitations

period in this case commenced no later than March 22, 2006, and expired no later than March 22, 2007. (*Id.*).

Alternatively, respondent claims that the factual predicate of petitioner's time-calculation challenge began on August 14, 2008, the date that TDCJ-CID responded to his time dispute resolution form and indicated that his time was calculated correctly. (*Id.*, page 8). Under this scenario, the AEDPA statute of limitations commenced on August 14, 2008, and expired on August 14, 2009. (*Id.*). In either case, the present petition is time-barred.

Petitioner did not file a state habeas application until October 1, 2009, more than a month after the alternative expiration date; therefore, the tolling provisions found in § 2244(d)(2) do not apply. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period), cert. denied, 532 U.S. 963 (2001). The present petition executed on January 28, 2010, therefore, is time-barred.

Petitioner has not alleged that he was subject to state action that impeded him from filing his petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based. See 28 U.S.C. § 2244(d)(1)(C). Although petitioner is incarcerated and is proceeding without counsel, his ignorance of the law does not excuse his failure to timely file his petition. *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999).

Petitioner did not file a response to the motion for summary judgment and has not requested equitable tolling in any of his pleadings. The one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances." *United States v. Patterson*, 211 F.3d 927, 928 (5th Cir. 2000); *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir.

2000). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). "[E]quity is not intended for those who sleep on their rights." *Id.* quoting *Fisher*, 174 F.3d at 715. The petitioner bears the burden of establishing that equitable tolling is warranted. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (5th Cir. 2000). Petitioner has not attempted to meet such burden.

Accordingly, the Court finds that petitioner's federal petition is barred by the AEDPA's one-year limitation period and, therefore, respondent is entitled to summary judgment as a matter of law.

### III. CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th

Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable. Therefore, a certificate of appealability from this decision will be denied.

## IV. CONCLUSION

Based on the foregoing, the Court ORDERS the following:

1. Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.

2. This cause of action is DISMISSED with prejudice.

3. A certificate of appealability is DENIED.

4. All pending motions, if any, are DENIED.

The Clerk will provide copies to the parties.

SIGNED at Houston, Texas, this 1st day of March, 2011.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE